**Ronald Eric DELHAYE, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**Ronald Eric Delhaye, Petitioner,**

v.

**Eric H. Holder Jr., Attorney General, Respondent.**

Nos. 07–73087, 07–74835.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2009.

Filed June 16, 2009.

Ron A. Kamran, Esquire, Ron A. Kamran, Attorney at Law, Orange, CA, for Petitioner.

Richard M. Evans, Esquire, Assistant Director, OIL, Sharon Michele Clay, Esquire, Trial, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, District Counsel Phoenix, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: W. FLETCHER, CLIFTON and M. SMITH, Circuit Judges.

MEMORANDUM *

Ronald Eric Delhaye petitions for review of both a final order of removal issued by the Board of Immigration Appeals (BIA) on July 27, 2007, and of the BIA's November 30, 2007 decision denying his motion to reopen on grounds of ineffective assistance of counsel. In appeal no. 07–73087, we lack jurisdiction to review Delhaye's final order of removal, and we dismiss this petition. 8 U.S.C. § 1252(a)(2)(C). In appeal no. 07–74835, we have jurisdiction over the constitutional claims in his denial of the motion to reopen under 8 U.S.C. § 1252(a)(2)(D), and we deny this petition.

It is undisputed that Petitioner is an alien and that his 1985 criminal conviction under Cal.Penal Code § 288(a) is a crime involving moral turpitude. We thus lack jurisdiction to review Petitioner's final order of removal in appeal no. 07–73087, and our review in appeal no. 07–74835 of the motion to reopen is limited to the two alleged constitutional violations claimed by Petitioner. 8 U.S.C. §§ 1252(a)(2)(C), 1252(a)(2)(D).

Petitioner's ineffective assistance of counsel in appeal no. 07–74835 argument fails. The decisions made by Petitioner's previous attorney to forgo oral testimony from Petitioner's wife and daughter and not to object to the Immigration Judge's questions regarding pornography were tactical decisions that do not constitute

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

570

ineffective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 681, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Further, Petitioner has not shown that the decision made by Petitioner's previous attorney not to hire an expert witness was prejudicial in this case. *Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858–59 (9th Cir.2004). In particular, there was not a reasonable probability that submission of the proposed outcome would have resulted in a different outcome. The BIA expressed doubts about Petitioner's rehabilitation in its July 27, 2007 decision. More importantly, the BIA decision not to grant a discretionary waiver explicitly cited factors other than Petitioner's rehabilitation or lack thereof, notably that the equities in favor of waiver were not "so outstanding or unusual as to outweigh the grave seriousness of his criminal conduct."

Petitioner also claims that his due process rights were violated by the questioning of Petitioner by the Immigration Judge. Petitioner has waived this due process challenge by failing to raise and thereby exhaust it before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Arreguin–Moreno v. Mukasey,* 511 F.3d 1229, 1232 (9th Cir. 2008).

**PETITION FOR REVIEW IN APPEAL NO. 07–73087 DISMISSED, PETITION FOR REVIEW IN APPEAL NO. 07–74835 DENIED.**