GOULD, Circuit Judge,
dissenting:
I decline to join my colleagues’ disposition because I conclude that we have no jurisdiction to assess the adverse credibility determination. A challenge to the adverse credibility determination was not raised by Petitioner to the BIA in Petitioner’s appeal of the IJ decision.
The majority recognizes that our jurisdiction is limited to review of issues that have been properly exhausted before the BIA. See Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987). But the majority concludes that the issue of adverse credibility was implicitly presented in the IJ’s decision, which it claims the BIA had to review before making its summary affirmance.[1] Although I agree that before entering a summary affirmance a BIA judge must approve the result reached by the IJ, I do not agree that the BIA judge must *719 intuit a challenge to an IJ’s adverse credibility determination when that challenge is not raised in the brief to the BIA and when that brief explicitly states that the IJ did not question Petitioner’s credibility.
The Supreme Court has made clear that in the habeas corpus context we cannot review an issue raised by a state court prisoner if the issue was not “fairly presentad]” to the state’s highest court so that the state court has “the opportunity to pass upon and correct alleged violations” of prisoners’ federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (quotation omitted). The standard for exhaustion before the BIA is substantially the same, requiring “that the petitioner put the BIA on notice as to the specific issues so that the BIA has an opportunity to pass on those issues.” Figueroa v. Mukasey, 543 F.3d 487, 492 (9th Cir.2008) (quotations and alterations omitted). In either case, the petitioner must have given the reviewing court fair notice that the issue is being challenged.
Applying that principle here, I conclude that there was no fail[1] notice to the BIA that the adverse credibility determination was being appealed. I don’t see how the majority can conclude that the BIA had notice of a challenge to the IJ’s adverse credibility determination when the BIA did not receive the adverse credibility arguments that Petitioner now has raised on his petition for review, and when Petitioner’s BIA brief did not raise the issue and even had asserted, mistakenly but without equivocation, that the issue did not exist. Of course, the BIA had no reason to know that Petitioner’s assertion was mistaken, unless the BIA read the IJ’s decision. But even if a BIA judge had read that decision, the judge would have no reason to know for certain that Petitioner was challenging the adverse credibility determination, when that issue was not raised to the BIA explicitly. Not only as a matter of our limited appellate power over agency decisions, but also as a matter of policy, our court has no business reaching an immigration issue that a petitioner did not present to the responsible agency, the BIA, charged with administering the immigration laws.
My conclusion that the BIA did not have notice of this issue is reinforced by the Supreme Court’s decision in Baldwin v. Reese, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004), which held that responsible members of the judiciary are not required to search through decisions below to find issues that were not raised explicitly in their court. Id. at 31, 124 S.Ct. 1347 (“Appellate judges, of course, will often read lower court opinions, but they do not necessarily do so in every case. Sometimes an appellate court can decide a legal question on the basis of the briefs alone.”).[2] So too, here the BIA might have decided that a denial of relief was correct on the basis of its review of the briefs before it. Because a challenge to the adverse credibility determination was not properly exhausted before the BIA, we should follow the Supreme Court’s general rule in INS v. Ventura, 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), which states that we are not empowered to rule on issues that the BIA did not first have an opportunity to address.
*720 I respectfully dissent and would dismiss the petition for lack of jurisdiction.

. The majority presumes that the BIA reviewed the IJ's decision because the BIA issued a one-judge summary affirmance. However, a summary affirmance in itself “does not necessarily mean that the BIA has adopted or approved of the IJ’s reasoning, only that the BIA approves the result reached.” Camposeco-Montejo v. Ashcroft, 384 F.3d 814, 821 (9th Cir.2004). The BIA can adopt an IJ's decision as its own by issuing a Matter of Burbano, 20 I. & N. Dec. 872, 1994 WL 520994 (1994) affirmance, in which it "signal[s] that it had conducted an independent review of the record and had exercised its own discretion in determining that its conclusions were the same as those articulated by the IJ." Arreguin-Moreno v. Mukasey, 511 F.3d 1229, 1232 (9th Cir.2008). Because the BIA did not issue a Burbano affirmance here, it was not required to review the record or evaluate any alleged error in the IJ's decision not flagged by the parties.

. The Supreme Court noted that its holding applies “particularly” to discretionary review cases. Reese, 541 U.S. at 31, 124 S.Ct. 1347. The majority concludes that because the BIA heard this case on direct appeal, Reese is inapplicable and therefore a reviewing BIA judge must read the IJ's decision. However, neither we nor the Supreme Court has ever held that Reese is limited to habeas or discretionary review cases.