FILED

APR 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

O'BRIEN HERNAN REYNOSO,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-74071

Agency No. A029-204-711

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 7, 2010
Pasadena, California

Before: NOONAN, BERZON, and CALLAHAN, Circuit Judges.

O'Brien Hernan Reynoso ("Reynoso"), a native and citizen of Peru,

petitions for review from the Board of Immigration Appeals ("BIA") decision

adopting and affirming the Immigration Judge's ("IJ") denial of Reynoso's

application for asylum, withholding of removal, relief under the Convention

Against Torture ("CAT"), and cancellation of removal. Reynoso does not

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

challenge the BIA's denial of his CAT and cancellation of removal decisions. He contends that the BIA erred in adopting and affirming the IJ's denials of asylum and withholding of removal because the decisions were based on the IJ's flawed adverse credibility determination.[1] Because the agency's reasoning is not clear, we grant the petition, vacate the BIA's decision, and remand.

The IJ denied Reynoso's asylum claim for two reasons: (1) an adverse credibility determination and (2) because, "even if [Reynoso] were credible, he has not shown that any of the past harm that he's faced or any future harm would be on account of one of the enumerated grounds." The BIA, citing *Matter of Burbano*, 20 I&N Dec. 872 (BIA 1994), affirmed the IJ's decision, but explicitly disclaimed the IJ's credibility finding, stating, "[i]n our review, we need not reach the Immigration Judge's credibility finding." We have held that, by citing *Burbano*, the BIA generally signals "that it ha[s] conducted an independent review of the record and ha[s] exercised its own discretion in determining that its conclusions were the same as those articulated by the IJ." *Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir. 2008) (citation and quotation marks omitted). However, by disclaiming the IJ's adverse credibility determination, the BIA's *Burbano*

---

[1]     The parties are familiar with the facts of this case and we repeat them here only as necessary.

affirmance applies only to the IJ's second ground for denial. *See Abebe v.*

*Gonzales*, 432 F.3d 1037, 1040-41 (9th Cir. 2005) (en banc).

Where the BIA adopts the IJ's decision citing *Burbano*, we review "the IJ's

decision as if it were the BIA's." *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1121

(9th Cir. 2010). We review findings of fact for substantial evidence and questions

of law de novo. *Abebe*, 432 F.3d at 1039-40. "Under the substantial evidence

standard, administrative findings of fact are conclusive unless any reasonable

adjudicator would be compelled to conclude to the contrary." *Halim v. Holder*,

590 F.3d 971, 975 (9th Cir. 2009) (citation and quotation marks omitted). "To

reverse a factual determination," this court "must find that the evidence compels a

contrary conclusion." *Fernandes v. Holder*, 619 F.3d 1069, 1073 (9th Cir. 2010).

The issue we are presented with is whether, assuming Reynoso was credible,

the BIA was correct in determining that Reynoso had "not shown that any of the

past harm that [he has] faced or any future harm would be on account of one of the

enumerated grounds." In order "[t]o qualify for asylum, an applicant must

demonstrate that he or she has suffered past persecution or has a well-founded fear

of future persecution." *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)

(citing 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 1208.13(b)). The alien must

demonstrate that the past persecution was, or the future persecution would be, "on

3

account of race, religion, nationality, membership in a particular group, or political opinion." *Id.* at 1185. If past persecution is established:

> then the fear of future persecution is presumed, and the burden shifts to the government to show, by a preponderance of the evidence, that there has been a fundamental change in circumstances, such that the applicant no longer has a well-founded fear of persecution, or the applicant could avoid the future persecution by relocating to another part of the applicant's country.

*Id.* (citation omitted). If the petitioner is unable to establish past persecution, he or she "may still be eligible for asylum based on a well-founded fear of future persecution." *Halim*, 590 F.3d at 975. This "well founded fear must be both subjectively genuine and objectively reasonable." *Id.* (quotation marks and citation omitted).

"Similar to asylum, a petitioner may establish eligibility for withholding of removal (A) by establishing a presumption of fear of future persecution based on past persecution, or (B) through an independent showing of clear probability of future persecution." *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). "The Supreme Court has defined 'clear probability' to mean that it is 'more likely than not' that the petitioner would be subject to persecution on account of one of the protected grounds." *Id.* (citation omitted).

Here, the IJ appears to have assumed, but not decided, that Reynoso was subject to past persecution and that he would more likely than not be persecuted if he returned to Peru. In addition, the IJ appears to have assumed that Reynoso's family constituted a particular social group. Nonetheless, the IJ concluded that Reynoso had not established the requisite nexus between his past persecution and his social group and that, even if Reynoso could prove past prosecution and a nexus to his membership in a particular social group, thereby giving rise under 8 C.F.R. § 208.13(b)(1) to a rebuttable presumption of future persecution, the Government had successfully overcome that presumption by demonstrating that there has been a fundamental change in circumstances such that Reynoso's fear of future persecution was not well-founded.

We find the IJ's decision (as adopted by the BIA) to be particularly unclear as to both the nexus requirement and the rebuttal of future persecution. By proceeding on assumptions rather than deciding the predicate issues of whether Reynoso suffered past persecution and the contours of his particular social group, the IJ's conclusion that there was no nexus between the assumed past persecution and the assumed social group is analytically problematic. Similarly, the basis for deciding that the government overcame the presumption of future persecution is unacceptably indistinct.

Specifically, Reynoso contends that he established past persecution and a nexus to a particular social group based on various threats and violent acts that he claims were directed at his family, and later at his former spouse, by members of Sendero Luminoso ("Shining Path"). The IJ rejected these contentions.[2] In particular, the IJ rejected Reynoso's assertion that the acts directed at Reynoso's former spouse was probative of his claim that, if forced to return to Peru, he would be persecuted on account of his membership in his family. In addition, the IJ noted that Reynoso had not established that his grandfather, who remained in Peru and who shares Reynoso's name, had been persecuted by the Shining Path.

These findings are inadequate as they now stand for several reasons. First, because the IJ did not determine whether Reynoso's family constituted a social group or the parameters of that social group, it cannot be determined whether Reynoso's former spouse or his grandfather – who lived in a different town from Reynoso's immediate family – would have qualified for inclusion in that social group. We have held that "in some circumstances, a family constitutes a social

_____

[2]     Although Reynoso requested asylum on the basis of both imputed political opinion (i.e., the Shining Path imputing Reynoso's father's political opinion to Reynoso) and membership in particular social group, he did not challenge the IJ's denial of his imputed political opinion claim to the BIA and does not challenge this decision in his brief to us. We therefore do not address the imputed political opinion issues.

6

group for purposes of the asylum and withholding of removal statutes." *Molina-Estrada v. INS*, 293 F.3d 1089, 1095 (9th Cir. 2002); *see also Jie Lin v. Ashcroft*, 377 F.3d 1014, 1028-29 (9th Cir. 2004). Here, however, it is not clear whether Reynoso's former wife or his grandfather would qualify for membership in the relevant social group. Whether they would or not is, in turn, pertinent to determining if their treatment is probative as to likely future persecution.

Second, even assuming that Reynoso's former spouse and/or Reynoso's grandfather fell within the undefined social group, the IJ's determinations about the nexus of the persecution that occurred to the social group is also unclear. The IJ appears to have found the fact that Reynoso and his wife were divorced demonstrated the lack of nexus between likely future persecution of Reynoso and any persecution she may have suffered. However, Reynoso contends that his former spouse was persecuted on account of her former association with him, so the fact they are now divorced does not disprove the possibility of a nexus to a social group of which both she and Reynoso were then members.[3] Regarding Reynoso's grandfather, the IJ appears to have determined that because his grandfather lived safely in Peru despite sharing the same name as Reynoso's

---

[3] In addition, the IJ noted that Reynoso's former wife did not testify. Although she was not obligated to testify, the fact that she did not do so may have been weighed against Reynoso on the merits by the IJ.

father, any likelihood of future persecution on the basis of Reynoso's family membership was negated. However, why the IJ found Reynoso's grandfather's situation analogous to the one that Reynoso would face if he returned to Peru is, at best, unclear. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743 (9th Cir. 2008).

Finally, accepting that Reynoso proved past persecution and a nexus to a social group, we cannot discern the basis for the IJ's finding that the government successfully rebutted Reynoso's fear of future persecution because country conditions have changed. The IJ cites nothing from the record to support this determination.

Accordingly, we vacate and remand on an open record. On remand, the BIA may reconsider all aspects of this case, but it is directed to make specific findings regarding Reynoso's social group claims, as well as his past and future persecution claims.

**VACATED AND REMANDED.**