**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LAURA ARREGUIN-MORENO,

*Petitioner,*

v.

MICHAEL B. MUKASEY, Attorney
General,

*Respondent.*

No. 06-73014

Agency No.
A79-366-353

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 9, 2007—San Francisco, California

Filed January 14, 2008

Before: Sidney R. Thomas, Richard C. Tallman, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Thomas

## COUNSEL

Alexander H. Lubarsky, Community Legal Centers, San Mateo, California, for the petitioner.

Song E. Park and David Schor, United States Department of Justice, Civil Division, Washington, D.C., for the respondent.

## OPINION

THOMAS, Circuit Judge:

In this petition for review, we are asked to determine whether or not time spent in pre-trial detention, which is credited as time served in a sentence imposed after conviction, is considered to be confinement as a result of a conviction within the meaning of 8 U.S.C. § 1101(f)(7). We conclude that it is, and we deny the petition for review.

I

Laura Arreguin-Moreno is a citizen of Mexico who entered the United States without inspection in March of 1989. Arreguin-Moreno has lived consistently in the United States since that time, and has two children who are United States citizens. On August 7, 2003, Arreguin-Moreno pleaded guilty to misprision of a felony in violation of 18 U.S.C. § 4 and was

sentenced to twenty-one months imprisonment and twelve months supervised release. She was given credit for the time she had served in pre-trial detention. Because she had been detained for eighteen months prior to sentencing, she served only two or three weeks before being released from confinement.

On September 8, 2003, Arreguin-Moreno was served with a Notice to Appear and placed in removal proceedings. The Department of Homeland Security charged her with being subject to removal under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled after inspection by an immigration officer. Subsequently, Arreguin-Moreno filed an application for cancellation of removal for nonpermanent residents under section 240A(b) of the INA.

The Immigration Judge (IJ) denied Arreguin-Moreno's application for cancellation of removal based on findings that she was not a person of good moral character, and that she had been convicted of a crime of moral turpitude. Both conclusions were based on Arreguin-Moreno's conviction for misprision of a felony. The IJ also held that Arreguin-Moreno was ineligible for voluntary departure "because she served 180 days or more in a penal institution under Section 101(f)(7) [of the INA] during the relevant period" and was thus unable to meet the good moral character requirement. The IJ ordered Arreguin-Moreno removed to Mexico.

Arreguin-Moreno filed a timely Notice of Appeal with the Board of Immigration Appeals (BIA). On May 24, 2006, the BIA adopted and affirmed the IJ's decision pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994). The BIA determined that Arreguin-Moreno was precluded from establishing her eligibility for cancellation of removal because she was not a person of good moral character and because she had been convicted of an offense that made her ineligible for cancella-

tion (citing "240A(b)(1)(B) and (C) of the [INA], 8 U.S.C. § 1229b(b)(1)(B) and (C)"). The BIA also affirmed the IJ's determination that, under 8 U.S.C. § 1101(f)(3), Arreguin-Moreno could not be found to be a person of good moral character because she had been convicted of misprision of a felony, a crime involving moral turpitude. The BIA also noted that Arreguin-Moreno did not meaningfully challenge the finding that she was unable to establish good moral character under 8 U.S.C. § 1101(f)(7), which precludes finding a person to be of good moral character if the person was confined as a result of conviction to a penal institution for a period of 180 days or more. This timely petition for review followed.

## II

To qualify for cancellation of removal, an alien must establish (a) that she has been physically present in the United States for a continuous period of at least ten years prior to the filing of her application, (b) that she has been a person of good moral character during that period, (c) that she has not been convicted of certain offenses, and (d) that her removal will result in exceptional and extremely unusual hardship to a spouse, parent, or child who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1).

The INA further provides that "[n]o person shall be regarded as, or found to be, a person of good moral character who, during the period of time for which good moral character is required to be established, is, or was . . . one who during such period has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more, regardless of whether the offense, or offenses, for which he has been confined were committed within or without such period." 8 U.S.C. § 1101(f)(7).

The question in this case is whether, for the purposes of the statute, pre-trial detention that is later credited as time served in the sentence imposed as a result of conviction counts as

confinement as a result of conviction within the meaning of § 1101(f)(7).

A

The government first argues that the petitioner has waived any argument under the section because she failed to exhaust the issue before the BIA, even though she raised it before the IJ. To be sure, we may review her final order of removal only if she has exhausted the administrative remedies available to her as a matter of right. 8 U.S.C. § 1252(d)(1); *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003). Normally, failure to exhaust an issue before the BIA would deprive us of jurisdiction to hear it. *Vargas v. INS*, 831 F.2d 906, 907 (9th Cir. 1987).

**[1]** In this case, however, the BIA issued a *Burbano* affirmance. "[W]here the BIA cites its decision in *Burbano* and does not express disagreement with any part of the IJ's decision, the BIA adopts the IJ's decision in its entirety." *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc) (citation omitted).

In citing *Burbano*, "[t]he BIA thereby signaled 'that it had conducted an independent review of the record and had exercised its own discretion in determining that its conclusions were the same as those articulated by the IJ.' " *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007) (quoting *Abebe*, 432 F.3d at 1040). As we recognized in *Abebe*, when the BIA cites *Burbano* in its decision, all issues presented before the IJ are deemed to have been presented to the BIA. 432 F.3d at 1040-41.

**[2]** In this case, petitioner raised the issue of the applicability of § 1101(f)(7) before the IJ. That was sufficient to satisfy administrative exhaustion requirements under *Abebe*.

B

**[3]** On the merits of the question, the IJ correctly concluded that pre-trial detention that is later credited as time served as part of the sentence imposed counts as confinement as a result of a conviction within the meaning of § 1101(f)(7). The sentence imposed on Arreguin by the district court was in conformance with 18 U.S.C. § 3585(b), which provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed." This statute is consistent with the uniform practice of crediting the time spent by a defendant in pre-trial detention as against the term of imprisonment imposed by the court upon conviction. *Spina v. Dep't of Homeland Sec.*, 470 F.3d 116, 127 (2d Cir. 2006). As the Second Circuit noted, "[t]his unanimity is strong evidence of the common understanding that, after judgment, any credited pre-conviction detention effectively becomes time served on the imposed term of imprisonment." *Id.* at 127-128 (citations omitted). Therefore, "when courts sentence defendants in pre-conviction detention to 'time served,' it is generally understood that the pre-conviction custody thereby becomes the term of imprisonment imposed by the judgment." *Id.* at 128 (citing *United States v. Rodriguez-Lopez*, 170 F.3d 1244, 1246 (9th Cir. 1999)).

**[4]** We agree with the Second Circuit's analysis in *Spina*, and hold that when pre-trial detention is credited against the sentence imposed upon conviction, the period of pre-trial detention must be considered as confinement as a result of a conviction within the meaning of § 1101(f)(7).

Our decision in *Gomez-Lopez v. Ashcroft*, 393 F.3d 882 (9th Cir. 2005), is not to the contrary, as suggested by petitioner. In *Gomez-Lopez*, we were presented with the question of whether incarceration in a county jail constituted confinement in a "penal institution" for the purposes of § 1101(f) and

held that it did. *Id.* at 886. In reaching that conclusion, we noted in passing that "[t]he requirement that the confinement be as a result of a conviction precludes counting any time a person may have spent in pretrial detention." *Id.* Certainly, pretrial detention cannot be counted as time served as a result of a conviction if not credited in the judgment of conviction as time served, or if the defendant is not convicted of the specific crime. However, *Gomez-Lopez* did not consider the question presented in this case of whether time spent in pretrial detention should be considered as time served as a result of a conviction when the judgment of conviction credited the period of pretrial detention against the term of imposed imprisonment. There is no tension between our analysis and the observation in *Gomez-Lopez*.

## C

**[5]** Applying these principles to the case at hand, we conclude that the IJ correctly determined that the petitioner was not eligible for cancellation of removal because she served 180 days or more in a penal institution during the relevant period and was thus unable to satisfy the statutory good moral character requirement.

Given our resolution of this issue, we need not—and do not—reach any other issue presented by the parties.

**PETITION DENIED.**