Arthur Reyes FONTILEA, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–73462.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2008.

Filed April 23, 2008.

Brian D. Lerner, Law Offices of Brian D. Lerner, Long Beach, CA, for Petitioner.

Jesse Bless, Jesse M. Bless, Ann Carroll Varnon, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, KLEINFELD, and BYBEE, Circuit Judges.

MEMORANDUM *

Arthur Reyes Fontilea appeals the BIA decision that found him ineligible for a waiver of inadmissibility under 8 U.S.C. § 1182(c) because he was convicted of an aggravated felony and served more than 5 years. We deny his petition.

Konstantinova v. INS[1] is inapposite. Konstantinova involved an unopposed motion to remand, which we analogized to a stipulation to remand, and analyzed under 8 C.F.R. § 3.2(c)(1). By contrast, here, petitioner seeks to hold the Department of Homeland Security (DHS) to an unopposed motion for summary judgment. Motions for remand are provided for in the regulations, but our attention has not been directed to any statute, regulation, or other authority for motions for summary judgment before the DHS and in this procedural context.

Res judicata did not apply because the decision was not final before the BIA ruled.[2] The BIA properly reviewed the controlling question of law de novo.[3] We are unable to identify a violation by the BIA or DHS of the applicable rules that would entitle respondent to relief unless his pre-conviction time served did not count toward the five years.

The relevant language of the waiver of inadmissibility statute is that it "shall not apply to an alien who has been convicted of one of more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years." [4] We held in Arreguin–Moreno v. Mukasey, that "when pretrial detention is credited against the sentence imposed upon conviction, the period of pretrial detention must be considered as confinement as a result of a conviction within the meaning of [8 U.S.C.] § 1101(f)(7)." [5] Arreguin–Moreno is controlling in the case at bar and requires that the credit for time spent in

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. 195 F.3d 528 (9th Cir.1999).

2. See Valencia–Alvarez v. Gonzales, 469 F.3d 1319, 1323–24 (9th Cir.2006).

3. See 8 C.F.R. § 1003.1(d)(3)(ii).

4. 8 U.S.C. § 1182(c), repealed by Pub.L. 104–208, Div. C, Title III, § 304(b), Sept. 30, 1996, 110 Stat. 3009–597.

5. Arreguin–Moreno v. Mukasey, 511 F.3d 1229, 1233 (9th Cir.2008).

custody be considered as confinement as a result of his conviction.

Petition DENIED.