**Ijaz AHMED; et al., Petitioners,**

v.

**Eric H. HOLDER, Attorney General, Respondent.**

**Ijaz Ahmed; et al., Petitioners,**

v.

**Eric H. Holder, Attorney General, Respondent.**

Nos. 04–73286, 04–76465.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 2, 2008.

Filed Feb. 26, 2009.

Garish Sarin, Esquire Law Offices of Garish Sarin Los Angeles, CA, Nairi Mary Simonian, Esquire, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Paul G. Stern, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: PREGERSON, HALL, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Ijaz Ahmed (Ahmed), a native and citizen of Pakistan, appeals the denial of his claims for asylum and withholding of removal, as well as his family's derivative claims for the same. The Board of Immigration Appeals, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994) affirmed the Immigration Judge's determination that changed country conditions in Pakistan rebutted the presumption of a well-founded fear because Ahmed's previous persecutor, the Muslim League, was no longer in power. This finding was not supported by individualized substantial evidence, therefore, we grant Ahmed's petition and remand to the BIA to determine

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

whether the presumption of future persecution is rebutted due to changed country conditions. Because the parties are familiar with the facts of the case, we do not recite them here.

In *Arreguin–Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir.2008), we held that where the BIA issues a *Burbano* affirmance, "all issues presented before the IJ are deemed to have been presented to the BIA." All of Ahmed's arguments made before the Immigration Judge, including his claim for asylum based on past persecution and his claim for withholding, are therefore preserved for purposes of this appeal.

Although the Immigration Judge's decision is less than clear, it appears the Immigration Judge found that Ahmed's return trip to Pakistan undermined his fear of future persecution and may have been evidence of changed country conditions. In *Smolniakova v. Gonzales*, 422 F.3d 1037, 1050 (9th Cir.2005), we held that where an asylum applicant returns to his home country to care for an ailing parent, the trip does not undermine the applicant's objective fear of persecution, but rather shows the risk the alien is willing to take for loved ones. (citing *Karouni v. Gonzales*, 399 F.3d 1163, 1176 (9th Cir.2005)). Here too, Ahmed's trip cannot be considered substantial evidence that he had no fear of persecution and cannot be used as evidence of changed country conditions to rebut the presumption of future persecution.

The Immigration Judge's determination that Ahmed did not have a well-founded fear of persecution, and that any presumption of future persecution was rebutted, because the Muslim League was no longer in power is not supported by individualized substantial evidence. "Any change in regime" does not automatically rebut the presumption, particularly where "the new leadership may harbor the same animosities as the old." *In re N–M–A–*, 22 I. &

N. Dec. 312, 318 (BIA 1998); *see also Hanna v. Keisler*, 506 F.3d 933, 938 (9th Cir.2007). The Government has not shown that the new totalitarian government in Pakistan is any less likely than the Muslim League to persecute Ahmed.

We remand to the BIA to determine whether the presumption of future persecution has been overcome by changed country conditions in Pakistan, and to assess Ahmed's fear of future persecution from the current regime based on his political opinion and association with the PPP.

PETITION GRANTED.