MEMORANDUM *
Ijaz Ahmed (Ahmed), a native and citizen of Pakistan, appeals the denial of his claims for asylum and withholding of removal, as well as his family’s derivative claims for the same. The Board of Immigration Appeals, citing Matter of Burbano, 20 I. & N. Dec. 872 (BIA 1994) affirmed the Immigration Judge’s determination that changed country conditions in Pakistan rebutted the presumption of a well-founded fear because Ahmed’s previous persecutor, the Muslim League, was no longer in power. This finding was not supported by individualized substantial evidence, therefore, we grant Ahmed’s petition and remand to the BIA to determine *944 whether the presumption of future persecution is rebutted due to changed country-conditions. Because the parties are familiar with the facts of the ease, we do not recite them here.
In Arreguin-Moreno v. Mukasey, 511 F.3d 1229, 1232 (9th Cir.2008), we held that where the BIA issues a Bwrbano affir-mance, “all issues presented before the IJ are deemed to have been presented to the BIA.” All of Ahmed’s arguments made before the Immigration Judge, including his claim for asylum based on past persecution and his claim for withholding, are therefore preserved for purposes of this appeal.
Although the Immigration Judge’s decision is less than clear, it appears the Immigration Judge found that Ahmed’s return trip to Pakistan undermined his fear of future persecution and may have been evidence of changed country conditions. In Smolniakova v. Gonzales, 422 F.3d 1037, 1050 (9th Cir.2005), we held that where an asylum applicant returns to his home country to care for an ailing parent, the trip does not undermine the applicant’s objective fear of persecution, but rather shows the risk the alien is willing to take for loved ones, (citing Karouni v. Gonzales, 399 F.3d 1163, 1176 (9th Cir.2005)). Here too, Ahmed’s trip cannot be considered substantial evidence that he had no fear of persecution and cannot be used as evidence of changed country conditions to rebut the presumption of future persecution.
The Immigration Judge’s determination that Ahmed did not have a well-founded fear of persecution, and that any presumption of future persecution was rebutted, because the Muslim League was no longer in power is not supported by individualized substantial evidence. “Any change in regime” does not automatically rebut the presumption, particularly where “the new leadership may harbor the same animosities as the old.” In re N-M-A-, 22 I. & N. Dec. 312, 318 (BIA 1998); see also Hanna v. Keisler, 506 F.3d 933, 938 (9th Cir.2007). The Government has not shown that the new totalitarian government in Pakistan is any less likely than the Muslim League to persecute Ahmed.
We remand to the BIA to determine whether the presumption of future persecution has been overcome by changed country conditions in Pakistan, and to assess Ahmed’s fear of future persecution from the current regime based on his political opinion and association with the PPP.
PETITION GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.