Rene De La TORRE–MEDINA, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–73297.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2009.

Filed April 2, 2009.

Martin Avila Robles, Christopher John Stender, Esquire, Immigration Practice Group A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Michele Yvette Frances Sarko, Esquire, Dana Michelle Camilleri, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: KOZINSKI, Chief Judge, NOONAN, Circuit Judge and EDMUNDS,* District Judge.

* The Honorable Nancy G. Edmunds, United    States District Judge for the Eastern District

MEMORANDUM **

The BIA correctly found that petitioner could have been sentenced to a year in jail for his conviction under Cal.Penal Code § 245(a)(1), as required by 8 U.S.C. § 1227(a)(2)(A)(i). *See* Cal.Penal Code § 19 (prescribing the available punishments for misdemeanors "[e]xcept in cases where a different punishment is prescribed by any law of this state"); Cal.Penal Code § 245(a)(1) (authorizing punishment of up to one year in county jail).

However, petitioner challenged before the IJ whether his conviction was for a crime involving moral turpitude, and the BIA issued a *Burbano* affirmance of the IJ's decision. Petitioner thus exhausted his administrative remedies. *See Arreguin–Moreno v. Mukasey,* 511 F.3d 1229, 1232 (9th Cir.2008). We therefore remand to the BIA to reconsider, in light of *Marmolejo–Campos v. Holder,* 558 F.3d 903 (9th Cir.2009) and *In re Silva–Trevino,* 24 I. & N. Dec. 687 (A.G.2008), whether petitioner was convicted of a CIMT.

**PETITION GRANTED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

