**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMANDEEP SINGH, | No. 05-75388 |
| Petitioner, | Agency No. A079-269-485 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2010[**]
San Francisco, California

Before: O'SCANNLAIN, TROTT and PAEZ, Circuit Judges.

Amandeep Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's

("IJ") order denying him asylum, withholding of removal, and Convention Against

Torture ("CAT") relief. In addition, Singh petitions for review of the BIA's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirmance of the IJ's finding that his application was frivolous and of the IJ's resulting denial of voluntary departure. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part, grant the petition in part, and remand.

The IJ denied Singh relief because he found that Singh lacked credibility. We review adverse credibility determinations for substantial evidence. *Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008). Under this standard, we must uphold an IJ's credibility finding unless "any reasonable adjudicator would be compelled to conclude the contrary." *Id*. (quoting 8 U.S.C. § 1252(b)(4)(B)). Here, the fact that Singh appeared to be reading from notes during his testimony and Singh's failure to explain adequately the existence of an affidavit from his father that was date-stamped years after his alleged disappearance support the IJ's adverse credibility finding. The IJ therefore properly denied Singh asylum and withholding of removal. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). Based on this adverse credibility determination, the IJ also reasonably determined that Singh had not established an entitlement to CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). We accordingly deny Singh's petition for review with respect to these claims.

We next review the IJ's finding that Singh submitted a frivolous application. Singh exhausted his challenge to this finding, which gives us jurisdiction to review

2

it. *See* 8 U.S.C. § 1252(d)(1); *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009); *Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir. 2008). We can overturn the IJ's frivolousness finding only if "any reasonable adjudicator would be compelled to conclude" that a preponderance of the evidence does not support the finding that Singh deliberately fabricated material elements of his application. 8 U.S.C. § 1252(b)(4)(B); *see Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008); 8 C.F.R. § 208.20. The IJ based his frivolousness finding on three factors: Singh's reading from notes during his testimony, the affidavit from Singh's father dated two years after his supposed disappearance, and Singh's failure to explain discrepancies between his testimony and his application regarding what the police pressured his father to do while they had him in custody.

Taken together, these factors do not demonstrate by a preponderance of the evidence that Singh deliberately filed a frivolous application. First, it is equally plausible that Singh referred to notes during his testimony to assuage his nervousness or to refresh his memory as that Singh was working from a script.

Second, the conflict between the 2001 affidavit from Singh's father and Singh's claim that his father had disappeared in 1998 does not demonstrate by a preponderance that Singh deliberately fabricated his application. This discrepancy does not show by a preponderance that Singh lied about his father's disappearance

3

because the evidence at least equally suggests that the affidavit, rather than Singh's story, was fabricated. The affidavit attests to a birthdate that differs in month, day, and year from the birthdate recorded on Singh's birth certificate, and Singh denied the affidavit's authenticity before he knew that it would be used to impeach his version of events. A preponderance of the evidence likewise does not show that Singh deliberately fabricated the affidavit. Because the affidavit provides a birthdate that would undermine, not enhance, Singh's claim for relief, *see* 8 U.S.C. § 1158(a)(2)(E); 6 U.S.C. § 279(g), it cannot support an inference of deliberate fabrication. *Cf. Singh v. Ashcroft*, 362 F.3d 1164, 1171 (9th Cir. 2004).

Finally, the discrepancy between Singh's testimony and his application regarding precisely what the police pressured his father to do cannot support a frivolousness finding because it does not go to a "material element[]" of his claim. 8 C.F.R. § 208.20. Because the record thus compels the conclusion that the evidence does not show that Singh deliberately fabricated his application for relief, we grant Singh's petition for review of the IJ's frivolousness finding. Because the IJ based the denial of voluntary departure on this frivolousness finding, we remand for the agency to consider Singh's application for voluntary departure.

Each party to bear its own costs.

Petition for review DENIED in part, GRANTED in part, and REMANDED.

4