**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MUAMET KACALNIKU, | No. 06-74015 |
| Petitioner, | |
| v. | Agency No. A079-517-766 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 3, 2010**
San Francisco, California

Before: GOULD and CALLAHAN, Circuit Judges, and ENGLAND, District
Judge.***

Muamet Kacalniku ("Kacalniku"), a native and citizen of Macedonia,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Morrison C. England, Jr., United States District Judge
for the Eastern District of California, sitting by designation.

adopting and affirming the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  We deny the petition for review.

A.    Asylum

   1.    Changed Country Conditions

We review findings of fact concerning changed country conditions for substantial evidence.  *Mutuku v. Holder*, 600 F.3d 1210, 1213 (9th Cir. 2010).  We have noted that "a State Department report on country conditions, standing alone, is not sufficient to rebut the presumption of future persecution when a petitioner has established past persecution."  *Kamalyan v. Holder*, 620 F.3d 1054, 1057 (9th Cir. 2010).  We have also recognized, however, that U.S. Department of State country reports are the most appropriate and perhaps "the best resource for information on political situations in foreign nations."  *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008) (internal quotation marks and citation omitted).  If the IJ or BIA determines that the evidence presented successfully rebuts the presumption, it "must provide an individualized analysis of how changed conditions will affect the specific petitioner's situation."  *Matuku*, 600 F.3d at 1213

---

[1] The parties are familiar with the facts and we repeat them here only as necessary to explain our decision.

(internal quotation marks and citation omitted).

The IJ undertook an individualized analysis of how changes in country conditions would affect Kacalniku. He cited: (1) the Human Rights Watch report on Macedonia for the year 2005; (2) a U.S. State Department Country Report on Human Rights Practices in Macedonia for the year 2004; (3) the U.S. State Department Background Note on Macedonia from May 2005; and (4) BBC news articles. The IJ also discussed the Ohrid Framework Agreement, which ended armed conflict between ethnic Albanian insurgents and Macedonian government forces. He further noted specific changes in conditions for ethnic Albanians, including the fact that Albanians are represented in the coalition government and Parliament, they are finding employment in much greater numbers, their language is officially recognized, and the Macedonian police force is required by law to be ethnically diverse.

These changes relate specifically to Kacalniku's testimony and the reasons he claims make him fear returning to Macedonia. We recently found this type of individualized analysis sufficient to rebut the fear of future persecution. *See Tamang v. Holder*, 598 F.3d 1083 (9th Cir. 2010). We hold, therefore, that the IJ's individualized analysis concluding that Kacalniku is not eligible for asylum based on changed country conditions in Macedonia is supported by substantial evidence,

and that Kacalniku is accordingly not eligible for asylum.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006).

2.    Humanitarian Asylum

Denials of humanitarian asylum are reviewed for substantial evidence.  *See, e.g.*, *Lal v. INS*, 255 F.3d 988, 1010 (9th Cir. 2001 (determining BIA's "denial of asylum under the humanitarian exception was not supported by substantial evidence."); *Vongsakdy v. INS*, 171 F.3d 1203, 1207 (9th Cir. 1999).  An applicant is eligible for a grant of humanitarian asylum if he can show either "compelling reasons for being unwilling or unable to return to the country [that he fled] arising out of the severity of the past persecution" or "a reasonable possibility that he or she may suffer other serious harm upon removal to that country."  *Hanna v. Keisler*, 506 F.3d 933, 939 (9th Cir. 2007)(quoting 8 C.F.R. §§ 1208.13(b)(iii)(A), (B)) (internal quotation marks omitted).  Humanitarian asylum is generally reserved for applicants who "suffered under atrocious forms of persecution."  *See Lal v. INS*, 255 F.3d 998, 1005 (9th Cir. 2001) (citing *Matter of Chen*, 20 I. & N. Dec. 16, 19 (BIA 1989)).

Kacalniku's evidence of past persecution does not rise to the level of severe treatment that warrants a grant of humanitarian asylum.  We therefore deny the petition with respect to this claim.

4

B.      Withholding of Removal and CAT

Assuming that Kacalniku has not waived review of his claims for withholding of removal and CAT relief, *see Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir. 2008) (holding arguments not exhausted before the BIA are waived), he has nonetheless not established his entitlement to such relief . The evidence supporting the IJ's determination that changed country conditions rebutted Kacalniku's claim for asylum also defeats his claim for withholding of removal. *Sowe*, 538 F.3d at 1288 ("When the government rebuts an applicant's well-founded fear of future persecution, it defeats the applicant's asylum claim, and his or her claim for withholding of removal."). Similarly, in light of the changed country conditions, Kacalniku has not demonstrated the likelihood of torture required for CAT relief. *Id.* at 1288-89.

**PETITION DENIED.**