FILED

JAN 31 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIONICIO CASTRO, AKA Dionisio Castro, | No. 10-72200 |
| Petitioner, | Agency No. A099-721-100 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 12, 2012
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and RAKOFF, Senior District
Judge.[**]

Petitioner Dionicio Castro asks this Court to review the Board of

Immigration Appeals's ("BIA") opinion denying his application for immigration

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for Southern New York, sitting by designation.

relief from the order of removal issued against him. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we grant the petition in part and remand the case to the BIA for further consideration.

On appeal, Castro challenges primarily the BIA's conclusion that he is removable for being convicted of a crime involving moral turpitude. 8 U.S.C. § 1182(a)(2)(A)(i)(I). He concedes, however, that he is removable in the alternative because he entered the United States without being admitted. 8 U.S.C. § 1182(a)(6)(A)(i). Since Castro concedes removability, he instead seeks immigration relief from the order of removal in the form of cancellation of the order or voluntary departure. Pet. for Review, D.E. 1-3, at 22 (July 15, 2010).[1] Both of these forms of immigration relief require showing the person seeking relief has "good moral character." *See* 8 U.S.C. § 1229b(b)(1)(B) (cancellation); 8 U.S.C. § 1229c(b)(1)(B) (voluntary departure). The statute defines "good moral

---

[1] Originally, Castro also asked the immigration judge for relief in the form of an adjustment of status or a waiver of inadmissibility. The immigration judge found that Castro is not eligible for an adjustment of status or for a waiver under 8 U.S.C. § 1182(h) because there is no visa number currently available to him. She also found that he is not eligible for a waiver of inadmissibility under 8 U.S.C. § 1182(c) because his conviction was obtained after a jury trial and not by plea agreement. *See INS v. St. Cyr*, 533 U.S. 289 (2001). The BIA affirmed those conclusions, and Castro failed to demonstrate that either the immigration judge or the BIA erred in concluding he was ineligible for these forms of immigration relief.

character" as excluding any person who was been incarcerated as a result of conviction for at least 180 days. 8 U.S.C. § 1101(f)(7).

The record here suggests that Castro spent at least 225 days in prison, which the sentencing court counted as "time served" for his August 2007 conviction. If Castro did in fact spend 180 days in prison as a result of his conviction, he is ineligible for cancellation of removal or voluntary departure, as he would per se lack "good moral character." *See Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232-33 (9th Cir. 2008) (holding pre-trial detention credited as "time served" against a subsequent conviction must be considered confinement "as a result of conviction" under section 1101(f)(7)). Thus, even if we were to grant Castro's petition by holding that his conviction was not for a crime involving moral turpitude, he would still be ineligible for the relief he seeks. Indeed, the BIA suggested as much in its opinion, mentioning section 1101(f)(7) as a "see also" citation (without comment) in its discussion of why Castro is not eligible for either cancellation or voluntary departure.

At oral argument, however, both the Government and Castro indicated that the immigration judge did not determine whether Castro would have been eligible for cancellation or voluntary departure even if his conviction was not for a crime involving moral turpitude. Accordingly, because both parties agree this issue is not squarely presented before the Court, we remand this case to the BIA to

determine whether Castro remains removable based on 8 U.S.C. § 1182(a)(6)(A)(i) (being present without admission or parole) and is ineligible for cancellation of removal or voluntary departure on this basis because he cannot show that he was of "good moral character" based on the time he served in prison. We do not reach the issue of whether Castro was properly found removable for being convicted of a crime involving moral turpitude (or any of the other issues presented in Castro's petition) and reserve that decision until such time, if ever, as it is clear that reversal of the BIA on that issue would leave Castro eligible for the immigration relief he seeks.

**GRANTED in part and REMANDED in part.**