
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERTO AGUIRRE-DIAZ, | No. 12-72529 |
| Petitioner, | Agency No. A087-451-062 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Alberto Aguirre-Diaz, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order.  We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo legal determinations regarding eligibility for cancellation of removal. *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1194 (9th Cir. 2006). We deny the petition for review.

Aguirre-Diaz conceded that he was confined to more than 180 days of pre-trial detention credited against his six-month sentence, and that he is unable to establish good moral character under *Arreguin-Moreno v. Mukasey*, 511 F.3d 1229 (9th Cir. 2008). Thus the agency correctly determined that Aguirre-Diaz failed to establish the requisite good moral character to qualify for cancellation of removal. *See* 8 U.S.C. § 1101(f)(7) (a petitioner cannot meet the good moral character requirement if confined 180 days or more in a penal institution); *Arreguin-Moreno*, 511 F.3d at 1233 (holding "that when pre-trial detention is credited against the sentence imposed upon conviction, the period of pre-trial detention must be considered as confinement as a result of a conviction within the meaning of § 1101(f)(7)").

Aguirre-Diaz's attempts to distinguish his case from *Arreguin-Moreno* are unavailing because he was sentenced to more than 180 days following his conviction, regardless of whether he should have been given bail before his conviction. *See* 8 U.S.C. § 1101(f)(7).

**PETITION FOR REVIEW DENIED.**

12-72529