**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YANG GUN LU, | No.    13-74185 |
| Petitioner, | Agency No. A072-556-683 |
| v. | |
| JEFF B. SESSIONS, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2017
San Francisco, California

Before:  CANBY, SILER,[**] and HURWITZ, Circuit Judges.

After Yang Gun Lu, a Chinese national with lawful permanent resident status, pleaded guilty in Arizona state court to two counts of attempted production of marijuana, an immigration judge ("IJ") found him removable and denied his various applications for relief.  The Board of Immigration Appeals ("BIA") affirmed.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

have jurisdiction over Lu's petition for review under 8 U.S.C. § 1252(a). We grant the petition and remand.

The government's brief contends only that Lu failed to exhaust the claims in his petition for review before the BIA, failing to address those claims on the merits. We reject the government's exhaustion argument because the BIA adopted and affirmed the IJ's order, expressly citing *In re Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994). Because each of Lu's arguments was either raised to the IJ or the BIA, or addressed on the merits in the agency proceedings, his claims have been exhausted. *See Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir. 2008).

The government has suggested that if we find Lu's claims exhausted, we should grant his petition for review and remand to the agency for further proceedings. Lu agrees. Without either approving the government's decision to forego briefing of the merits or finding further proceedings necessary, we accede to the parties' joint request.

**PETITION GRANTED; REMANDED.**