**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIA MARCOS JUAN-ALONSO; CATARINA NOLASCO-MARCOS; ANTONIO CESAR NOLASCO-MARCOS,<br><br>        Petitioners,<br><br> v.<br><br>MATTHEW G. WHITAKER, Acting Attorney General,<br><br>        Respondent. | No.   16-73978<br><br>Agency Nos.     A206-453-090<br>                    A206-453-089<br>                    A206-453-088<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2019[**]
Seattle, Washington

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  IKUTA and CHRISTEN, Circuit Judges, and FREUDENTHAL,[***] District Judge.

Antonia Juan-Alonso[1] petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying her claims for asylum and withholding of removal.[2]  We have jurisdiction under 8 U.S.C. § 1252.

The BIA's determination that the harm Juan-Alonso suffered was inflicted by private actors and was of a personal nature is supported by substantial evidence. Because Juan-Alonso did not provide evidence of any involvement by the government, or that the harm was caused by actors that the government was unable or unwilling to control, she failed to show past persecution for purposes of asylum or withholding. *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010).

Juan-Alonso failed to establish that any past harm she suffered on account of her religion rose to the level of persecution.  Any physical harm suffered was not severe and did not result in injury, *cf. Vitug v. Holder*, 723 F.3d 1056, 1065 (9th

---

[***]      The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

[1] Juan-Alonso's daughter and son are derivative applicants.  *See* 8 U.S.C. § 1158(b)(3).

[2] Juan-Alonso waived any challenge to the BIA's denial of her claim for relief under CAT by failing to raise the issue on appeal.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

Cir. 2013), and unfulfilled threats without more do not constitute persecution, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Substantial evidence accordingly supports the BIA's determination that Juan-Alonso did not suffer past persecution on account of her religion for purposes of asylum or withholding.[3]

Moreover, no evidence indicates that Juan-Alonso's attacker knew of her membership in the proposed particular social group of "Guatemalan indigenous female, head of household," and so such membership could not be a reason for the attack. Given this absence of evidence, any error by the BIA in stating that her membership was not "one central reason" for the attack was harmless. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Therefore, substantial evidence supports the BIA's conclusion that Juan-Alonso failed to show a nexus between any past persecution and her membership in this proposed particular social group for purposes of asylum or withholding. *See id.*

On appeal, Juan-Alonso has not raised any challenge to the BIA's determination that she could safely relocate within Guatemala. Therefore, she has waived any claim based on an alleged well-founded fear of future persecution. *See*

---

[3] Because the BIA addressed the merits of Juan-Alonso's religion claim by adopting the IJ's decision as to this claim in full, *see Matter of Burbano*, 20 I & N Dec. 872, 874 (BIA 2007), Juan-Alonso exhausted this claim, *see Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir. 2008) (citing *Abebe v. Gonzales*, 432 F.3d 1037, 1040–41 (9th Cir. 2005) (en banc)).

*Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011); *see also* 8 C.F.R. § 1208.13(b)(2)(ii); *id.* § 1208.16(b)(3)(i).

**PETITION DENIED.**