**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO CASTILLO, | No.    20-71083 |
| Petitioner, | Agency No. A074-423-399 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2021**

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Fernando Castillo, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, relief under the Convention Against Torture ("CAT"), and his application

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's particularly serious crime determination. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo questions of law. *Gomez-Lopez v. Ashcroft*, 393 F.3d 882, 885 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in determining that Castillo's conviction was a particularly serious crime that barred him from asylum and withholding of removal, where the agency considered the correct factors. *See Avendano-Hernandez*, 800 F.3d at 1077 ("Our review is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach this conclusion." (internal quotation marks and citation omitted)); *Anaya-Ortiz v. Holder*, 594 F.3d 673, 678 (9th Cir. 2010) ("[A]ll reliable information may be considered in making a particularly serious crime determination…." (citation omitted)). Thus, Castillo's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of deferral of removal under CAT because Castillo failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

2                                                                    20-71083

The BIA did not err in concluding that Castillo is statutorily precluded from establishing good moral character because he was incarcerated, as a result of a conviction, for more than 180 days during the relevant period. *See* 8 U.S.C. § 1101(f)(7); *Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1233 (9th Cir. 2008) (concluding that a petitioner was ineligible for cancellation of removal under 8 U.S.C. § 1101(f)(7)). We do not otherwise address Castillo's contentions as to whether his conviction constitutes a crime involving moral turpitude because the agency relied on the length of his incarceration, not the nature of his crime. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)). Thus, Castillo's cancellation of removal claim fails.

As stated in the court's June 11, 2020 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

20-71083