**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSARIO DE JESUS BALDERRAMA-RIVERO, | No. 19-70982 |
| Petitioner, | Agency No. A014-206-759 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2021[**]
Pasadena, California

Before: M. SMITH and IKUTA, Circuit Judges, and STEELE,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

Rosario De Jesus Balderrama-Rivero petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of a decision of an immigration judge (IJ) that he is ineligible for cancellation of removal, *see* 8 U.S.C. § 1229b(a), and deferral of removal under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The IJ determined that Balderrama-Rivero is ineligible for cancellation of removal due to his December 1992 conviction of an offense that is categorically an aggravated felony. Balderrama-Rivero's brief to the BIA did not raise the argument that the IJ erred in reaching this conclusion, but we nevertheless deem this issue to be exhausted because the BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) and explicitly adopted the IJ's decision. *See Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir. 2008). In his opening brief on appeal, Balderrama-Rivero again does not argue that the IJ's determination was in error, and therefore any such argument is waived. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011). We therefore deny Balderrama-Rivero's petition for review as to cancellation of removal on this ground.

The agency also determined that Balderrama-Rivero is not eligible for deferral of removal under the CAT because he failed to carry his burden of proving that "it is more likely than not" that he "would be tortured in the proposed country

of removal." 8 C.F.R. § 1208.16(c)(2). This determination is supported by substantial evidence, including that Balderrama-Rivero regularly traveled to Mexico before 2005 and acknowledged he has never been harmed or threatened in Mexico. Evidence that members of Balderrama-Rivero's extended family, who were involved in drug cartels, were harmed or killed by rival cartels, is not to the contrary, given Balderrama-Rivero's testimony that he has never been involved with cartels. Country conditions evidence indicating widespread crime and some human-rights abuses in Mexico, is not sufficiently particularized to compel the conclusion that Balderrama-Rivero would more likely than not be the subject of torture should he return to Mexico. *See Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018).[1]

**PETITION DENIED.**

---

[1] Balderrama-Rivero's motion to submit this case on the briefs, Dkt. No. 35, is denied as moot.