**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2734
_____

JEIDY YORLENI POSADAS-RAMOS; H. J. L.-P.; O. E. L.-P.,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A206-715-717, A206-715-718, and A206-715-719)
Immigration Judge:  Mary C. Lee
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 26, 2023

Before: HARDIMAN, PORTER, and FREEMAN, Circuit Judges

(Opinion filed: April 27, 2023)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Jeidy Yorleni Posadas-Ramos, a citizen of Guatemala, petitions pro se for review

of a decision entered by the Board of Immigration Appeals ("BIA").[1]  For the reasons

that follow, we will dismiss the petition in part and deny it in part.

I.

When Posadas-Ramos came to the United States in 2014, the Department of

Homeland Security charged her with being inadmissible for being present in this country

without having been admitted or paroled.  See 8 U.S.C. § 1182(a)(6)(A)(i).  Through

counsel, she conceded her inadmissibility and applied for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Her application

revolved around her fear of a man named Elias Salguero, a bus-line owner in Guatemala

who believed that her husband was responsible for the death of Salguero's wife in 2011.[2]

In 2019, the IJ, after holding an evidentiary hearing, denied Posadas-Ramos's

application on the merits and ordered her removal to Guatemala.  Posadas-Ramos then

timely filed a counseled notice of appeal, arguing, inter alia, that the IJ was biased.  After

the BIA issued a briefing schedule in 2021, Posadas-Ramos filed her counseled brief,

asking the BIA to "exercise its *sua sponte* authority to approve [her] appeal" based on the

---

[1] The other two petitioners listed in the case caption are Posadas-Ramos's minor children, who were riders to her application for relief before the agency.

[2] Posadas-Ramos testified before the immigration judge ("IJ") that Salguero's wife was killed when assailants boarded a bus driven by Salguero.  Posadas-Ramos further testified that her husband, who was also on the bus during the incident, was arrested for the crime but was released from custody after about six months.

following "changed personal circumstances":  (1) earlier in 2021, her uncle, aunt, and cousins were murdered in Guatemala[3]; and (2) her husband, who was incarcerated in Guatemala on an unrelated firearms offense, was scheduled to be released in 2022.  (See A.R. at 9-11.)  In August 2022, the BIA dismissed the appeal.  In doing so, the BIA adopted and affirmed the IJ's decision pursuant to In re Burbano, 20 I. & N. Dec. 872 (BIA 1994), rejected Posadas-Ramos's claim that the IJ was biased, and concluded that sua sponte reopening was not warranted.  This timely, pro se petition for review followed.

## II.

As a general matter, we have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1).  However, the scope of our review in this case is limited.  For one thing, we lack jurisdiction to review the BIA's denial of sua sponte reopening.  See Aristy-Rosa v. Att'y Gen., 994 F.3d 112, 114 n.2 (3d Cir. 2021) (noting that "we generally lack jurisdiction to review a BIA decision declining to exercise its discretion to sua sponte reopen a removal proceeding").[4]  Furthermore, although we do

---

[3] There is no evidence in the record that those killings were connected to Salguero or the death of his wife.

[4] There are two exceptions to this general rule.  See Darby v. Att'y Gen., 1 F.4th 151, 164 (3d Cir. 2021) (explaining that we have jurisdiction to review the BIA's decision on a motion to reopen sua sponte if (1) "the BIA relies on an incorrect legal premise," or (2) "the BIA has constrained itself through settled practice to the point where an irrational departure from that practice might constitute abuse" (internal quotation marks and citation to quoted case omitted)).  But neither exception applies here.  To the extent that Posadas-Ramos's brief, liberally construed, argues that the BIA relied on an incorrect legal premise when it faulted her for not submitting any evidence in support of her request for sua sponte relief (this was not the only reason provided by the BIA for

3

have jurisdiction to review the agency's denial of asylum, withholding of removal, and CAT relief,[5] Posadas-Ramos has forfeited those issues by failing to meaningfully address them in her brief.  See United States v. Heatherly, 985 F.3d 254, 270 (3d Cir. 2021). Accordingly, all that remains here is Posadas-Ramos's undeveloped claim that the agency violated her due process rights.  But we see no evidence of any procedural error in this case, let alone one that prejudiced her.  See Delgado-Sobalvarro v. Att'y Gen., 625 F.3d 782, 787 (3d Cir. 2010) ("To establish a violation of due process, the petitioner[] must show that substantial prejudice resulted from the alleged procedural errors.").

In view of the above, we will dismiss Posadas-Ramos's petition in part for lack of jurisdiction, and we will otherwise deny the petition.

---

denying that request), this argument lacks merit.  Although she is correct that the BIA Practice Manual states that the BIA "does not consider new evidence on appeal," BIA Practice Manual § 4.8(b), available at https://www.justice.gov/eoir/reference-materials/bia, that manual also makes clear that "[i]f a motion is predicated upon evidence that was not made part of the record by the immigration judge, that evidence should be submitted with the motion."  Id. § 5.2(f).  The latter section, not the former, governed her request for sua sponte relief based on "changed personal circumstances," and thus the BIA did not rely on an incorrect legal premise when it pointed out her failure to submit evidence in support of that request.

[5] Although the Government argues that we lack jurisdiction to review the agency's denial of asylum, withholding of removal, and CAT relief because Posadas-Ramos failed to exhaust those issues before the BIA, we conclude that those issues were indeed exhausted.  See Lin v. Att'y Gen., 543 F.3d 114, 123-24 (3d Cir. 2008) (deeming exhausted an issue considered by the BIA sua sponte); id. at 126 (explaining that the BIA's citation to In re Burbano "indicat[ed] that it had conducted an independent review of the record and had exercised its own discretion in determining its agreement with the reasoning and result of the IJ"); see also Arreguin-Moreno v. Mukasey, 511 F.3d 1229, 1232 (9th Cir. 2008) ("[W]hen the BIA cites Burbano in its decision, all issues presented before the IJ are deemed to have been presented to the BIA.").