NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUSTAVO ANDRES ROJAS-PINO; YENIBED BONILLA-ROCHA; KAREN IBETH ROJAS-BONILLA, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-6105 <br><br> Agency Nos. <br> A246-229-385 <br> A246-229-373 <br> A246-229-374 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 4, 2026
Portland, Oregon

Before: BEA, CHRISTEN, and DESAI, Circuit Judges.

Lead Petitioner Gustavo Rojas-Pino and his wife and their minor daughter

(Co-Petitioners) petition for review of a decision of the Board of Immigration

Appeals (BIA) dismissing their appeal from an order of an Immigration Judge (IJ)

denying their claims for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Convention Against Torture (CAT). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition in part and deny it in part.

1. We begin with Rojas-Pino's challenge to the BIA's conclusion that his persecution at the hands of the Elmer Cardenas guerrilla group lacked a nexus to his particular social group (PSG) of "former employees of the Colombian military." To be eligible for asylum, an applicant must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). The protected ground "must be 'a central reason' for the past or feared harm." *Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021) (quoting *Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017)). To qualify for withholding of removal, an applicant must establish a clear probability that a "protected ground is 'a reason' for future persecution," which is a less demanding standard. *Id.* at 1146 (quoting *Barajas-Romero*, 846 F.3d at 359). We review the agency's finding as to the persecutor's motive for substantial evidence. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023).

With respect to asylum, substantial evidence supports the BIA's finding that Rojas-Pino's status as a former employee of the Colombian military was not a

central reason that the guerrillas targeted him. The guerrillas repeatedly threatened retaliation against Rojas-Pino because he refused to join them and fled the country. The guerrillas told Rojas-Pino that he had not "fulfill[ed] [his] debt" to the guerrillas and that he was going to get "what [he] deserved for being a coward and for not cooperating" with them. Thus, the record supports the agency's finding that personal retribution, and not Rojas-Pino's membership in a PSG, was a central reason the guerrillas were motivated to harm him. *See Sanjaa v. Sessions*, 863 F.3d 1161, 1165 (9th Cir. 2017) (holding that personal retribution is not persecution on account of membership in a PSG).

As to withholding of removal, however, the evidence compels the conclusion that Rojas-Pino demonstrated a clear probability that his membership in his PSG was at least "a reason" for his persecution. *See Barajas-Romero*, 846 F.3d at 359-60. The guerrillas repeatedly tried to recruit Rojas-Pino after he left the military. The guerrillas did not harm Rojas-Pino purely out of vengeance; rather, their repeated efforts demonstrated that they wanted Rojas-Pino to join them. Rojas-Pino testified that the guerrillas persistently targeted him for recruitment because of his status as a former member of the military. Rojas-Pino had been stationed in the Choco region of northwestern Colombia, the same region in which the guerrillas operate, and had acquired extensive knowledge of the region's dense rainforest because of his military service. Rojas-Pino explained that he was "basically a guide" for the area

and that his knowledge and military training were "fundamental" to the guerrillas. Thus, the evidence compels the conclusion that Rojas-Pino's former military status was at least "a reason" for his persecution. Because the BIA did not reach the remaining elements of Rojas-Pino's withholding claim, we must remand to the agency for further proceedings. *See J.R. v. Barr*, 975 F.3d 778, 785 (9th Cir. 2020) (recognizing that the court cannot decide for itself questions that the BIA did not reach); *see also INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

2. We next address Co-Petitioners' challenge to the BIA's conclusion that they did not establish a nexus between their membership in their proposed PSGs and their persecution. In the BIA's decision, it cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and purported to affirm the IJ's determination that Co-Petitioners failed to show nexus "for the reasons articulated" by the IJ.[1] But the IJ did not make a nexus determination as to Co-Petitioners. Instead, the IJ found that Co-Petitioners had failed to establish a reasonable possibility of future persecution, and denied Co-Petitioners' applications for asylum and withholding on this ground alone.

Because the BIA purported to affirm a nexus determination that the IJ did not make, the BIA failed to "provide a comprehensible reason for its decision." *Ghaly*

---

[1] The BIA's citation to *Matter of Burbano* signals that it has "conducted an independent review of the record and . . . exercised its own discretion in determining that its conclusions were the same as those articulated by the IJ." *Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir. 2008) (citation modified).

*v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995); *see Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc) (noting that the "BIA must provide a reasoned explanation for its actions" (citation modified)). Because the BIA's decision "cannot be sustained upon its reasoning, [the] case must be remanded." *Kalulu v. Bondi*, 128 F.4th 1009, 1024 (9th Cir. 2024) (citation modified).

3. We now turn to Petitioners' claims for CAT relief. To qualify for CAT relief, an applicant "must establish that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting 8 C.F.R. § 208.16(c)(2)). The "torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Id.* (citation modified).

Here, Petitioners forfeited their challenge to the agency's determination that they were not likely to face a particularized risk of torture because Petitioners' opening brief addressed only the government acquiescence prong of CAT. *See Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019) (recognizing that arguments not raised in the opening brief are deemed forfeited).

Even if we excused Petitioners' forfeiture, we would deny the petition as to the claims for CAT relief because substantial evidence supports the agency's finding that Petitioners failed to establish government acquiescence. Petitioners did not

show that government officials "are aware of and have acquiesced in any [guerrilla] plan to torture [them]." *B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022). Rojas-Pino conceded that he never reported the guerrillas' threats to the police. Although Rojas-Pino's military superiors refused to help him when he informed them about the guerrillas' activities, he is no longer in the military. Petitioners insist that country conditions evidence establishes that paramilitary groups have corrupted the Colombian security forces and that paramilitary groups continue to commit human rights abuses in Colombia. But a "general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

**PETITION GRANTED in part and DENIED in part.**