**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 12 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA R. ORBE ABARCA, AKA Maria Roxana Orbe Abarca, | No.   16-70915 |
| Petitioner, | Agency No. A087-746-355 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2023**
Pasadena, California

Before:  WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Maria Orbe Abarca ("Orbe Abarca"), a native and citizen of Mexico,

petitions for review of an order of the Board of Immigration Appeals ("BIA")

upholding the denial by the Immigration Judge ("IJ") of her application for asylum

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. Because the BIA adopted the decision of the IJ and added additional reasoning, we review both decisions for substantial evidence. *Singh v. Holder*, 764 F.3d 1153, 1159 (9th Cir. 2014). We deny the petition.

Orbe Abarca is not entitled to a rebuttable presumption of an objectively well-founded fear of future persecution because the threats she faced from the individual who arranged her transport to the United States ("El Negro") did not amount to past persecution.[1] *See Sharma v. Garland*, 9 F.4th 1052, 1060, 1062 (9th Cir. 2021) ("Most threats do not rise to the level of persecution . . . . We have been most likely to find persecution where threats are repeated, specific and combined with confrontation or other mistreatment." (cleaned up)).

The BIA's conclusion that Orbe Abarca did not otherwise meet her burden of establishing a well-founded fear of persecution is supported by substantial

---

[1] Orbe Abarca did not fail to exhaust her claim of past persecution, even if that claim ultimately fails. Although she did not file a brief when proceeding pro se before the BIA, her attorney referenced El Negro's prior threats when arguing before the IJ. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) ("Before a petitioner can raise an argument on appeal, the petitioner must first raise the issue before the BIA *or IJ*." (emphasis added) (quoting *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003))); *Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir. 2008) ("[W]hen the BIA cites *Burbano* in its decision, all issues presented before the IJ are deemed to have been presented to the BIA.").

evidence.[2] There is no evidence in the record supporting Orbe Abarca's claim that El Negro is part of a powerful organization or is aware that she was willing to testify against the driver of the truck in which she was smuggled. Orbe Abarca and the family members whose addresses she provided to El Negro have not been threatened or harmed since her apprehension at the border in 2010, and there is no evidence that the murder of Orbe Abarca's uncle in 2013 was related to El Negro. Nor has Orbe Abarca argued that she faces persecution from anyone other than El Negro and his affiliates. She therefore has not shown that she faces the requisite risk of persecution for either asylum or withholding of removal. *See Wakkary v. Holder*, 558 F.3d 1049, 1064-65 (9th Cir. 2009) (stating that an individual must show at least a ten percent chance of future persecution for asylum, and more than a fifty percent chance for withholding of removal).

**PETITION DENIED.**

---

[2] Orbe Abarca also challenges the agency's approach to analyzing the social group and nexus elements of her claims. Because her claims fail for the independent reason of lack of an objectively well-founded fear of persecution, we do not address those elements.