NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



DANIEL NAVA-LOPEZ,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

Nos. 17-71509 & 18-70016

Agency No. A088-734-580

MEMORANDUM[*]

On Petitions for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023[**]
Seattle, Washington

Before: PAEZ and VANDYKE, Circuit Judges, and LIBURDI,[***] District Judge.

    Daniel Nava-Lopez petitions the court to review the Board of Immigration

Appeals' (BIA) (1) dismissal of his appeal of the Immigration Judge's (IJ) decision

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

denying his application for asylum and withholding of removal under the Immigration and Naturalization Act (INA) and Convention Against Torture (CAT) and (2) denial of his motion to reopen immigration proceedings to introduce new credibility evidence. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

Nava-Lopez is a native and citizen of Mexico who entered the United States in 2008. He sought asylum, withholding of removal, and CAT relief in August 2014. He testified that he feared returning to Mexico on the theory that criminal organizations would target him for extortion and kidnapping because of either his political opinion that government corruption in Mexico is endemic and wrong, or his membership in three particular social groups (PSGs). The three PSGs he proffered were (1) his family; (2) repatriates from the United States (which he called "pochos"); and (3) repatriates from the United States who speak English and have internalized American culture or mannerisms (termed "super pochos").

At his hearing, the IJ denied Nava-Lopez's application for asylum and withholding of removal on four grounds. First, his asylum application was untimely. Second, his testimony relating to a past attempt at extortion was not credible. Third, he failed to show a nexus between the future harms he feared and any of the grounds for withholding of removal. And fourth, he failed to present objective evidence that the Mexican government was "more likely than not" to torture him or let him be

tortured such that he could qualify for CAT relief.

Nava-Lopez appealed the IJ's decision except as to the untimeliness of his asylum application, denial of CAT relief, and failure to prove past persecution. The BIA adopted and affirmed the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994). It found that Nava-Lopez had failed to demonstrate (1) his membership in any recognized PSG, (2) a nexus between the harms he feared and any statutory ground that permits withholding of removal, or (3) any political opinion for which the Mexican government might persecute him.

Nava-Lopez moved to reopen proceedings so he could introduce new evidence that he argued would undermine the IJ's adverse credibility determination. The BIA denied his motion because, even assuming the new evidence would rehabilitate his credibility, it would not cure the untimeliness of his asylum application or his failure to demonstrate a nexus between the harms he feared and a recognized ground for withholding removal. Nava-Lopez timely petitioned for review.

We review denials of asylum, withholding of removal, and CAT for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Where, as here, the BIA adopts and affirms the IJ's decision and cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), we review both decisions. *See Arrreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir. 2008). We reverse a

3

denial of a motion to reopen only if it is "arbitrary, irrational, or contrary to law." *Perez-Camacho v. Garland*, 54 F.4th 597, 603 (9th Cir. 2022) (internal citations omitted).

The deadline to apply for asylum is one year after an alien enters the United States, absent changed circumstances that materially affect his eligibility for asylum or extraordinary circumstances relating to his delay in applying. 8 U.S.C. § 1158(a)(2)(B), (D). An alien who misses that deadline can obtain withholding of removal by two routes. First, he can show it is more likely than not that his life or freedom would be threatened in his proposed country of removal because of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *Sarkar v. Garland*, 39 F.4th 611, 622 (9th Cir. 2022). Second, he can show he "would be tortured if removed" to that country under CAT. 8 C.F.R. § 1208.16(c)(2); *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1284 (9th Cir. 2001).

By not raising his claims before the BIA, Nava-Lopez abandoned any challenge to the IJ's findings that his asylum application was untimely, that he was ineligible for CAT relief, and that he failed to establish that he experienced harm rising to the level of past persecution. He cannot raise those arguments now, and we therefore deny his petition to review the agency's denial of asylum and CAT relief and determination that he did not suffer persecution. Therefore, we may only review

4

whether the BIA erred in holding that Nava-Lopez failed to demonstrate a well-founded fear of future persecution on a protected ground.

Assuming without deciding that Nava-Lopez adequately presented the nexus issue before this court, substantial evidence supports the BIA's determination that Nava-Lopez failed to demonstrate nexus. First, Nava-Lopez failed to prove that he would face future persecution on account of his political opinion as he offered no evidence that anyone in Mexico is aware of his political opinion, let alone that he would be targeted for such reason. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017). Second, while family is a recognized PSG, Nava-Lopez failed to show that he would face extortion or violence on account of his family ties rather than simply for financial gain. *See Singh v. Garland*, 46 F.4th 1117, 1124 (9th Cir. 2022). Finally, our circuit does not recognize "pochos" or "super pochos" as cognizable PSGs and thus, Nava-Lopez's claim that he will face future persecution on this basis is unfounded. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148 (2010); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226 (2016). Therefore, we deny his petition to review the agency's denial of withholding of removal.

Nor was the BIA's denial of Nava-Lopez's motion to reopen an abuse of discretion. Even assuming the evidence could rehabilitate his credibility, the BIA correctly concluded that it would not overcome his failure to challenge the IJ's timeliness and CAT findings or the BIA's nexus determination. Thus, the BIA's

5

denial of his motion to reopen was not "arbitrary, irrational, or contrary to law."

*Perez-Camacho*, 54 F.4th at 603.

**PETITIONS DENIED.**