NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 31 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

FERNANDO CRUZ VILLEDA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-642

Agency No.
A200-694-727

MEMORANDUM[*]

---

On Petition for Review of Order of the
Board of Immigration Appeals

Submitted October 18, 2023[**]
Pasadena, California

Before: TASHIMA and H.A. THOMAS, Circuit Judges, and RAKOFF, District
Judge.[***]

Petitioner Fernando Cruz Villeda illegally entered the United States in May

of 1998. In July 2010, petitioner returned to Mexico pursuant to a voluntary

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

departure order, wherein he admitted to being in the United States illegally. Thereafter, he re-entered the United States. In 2011, petitioner pled guilty to a felony, and on December 1, 2011, petitioner was sentenced to 36 months' probation and ordered to "[s]erve 365 days in a San Bernardino County Jail facility, with credit for time served, a matter of 162 days."

Subsequently, on December 23, 2011, petitioner was served with a Notice to Appear charging him as removable. Petitioner conceded his removability but applied for cancellation of removal under 8 U.S.C. § 1229b(b) and voluntary departure under 8 U.S.C. § 1229c(b)(1). On July 18, 2014, the Immigration Judge ("IJ") found that petitioner was removable and denied his requests for cancellation of removal and voluntary departure because petitioner, having served 182 days in jail for his felony conviction, could not meet the statutory requirement to show "good moral character." The IJ further denied his request for cancellation of removal because petitioner, having voluntarily departed the country in 2010, could not meet the requirement of "continuous physical presence."

Petitioner then hired a new attorney to appeal the IJ's decision. But instead of appealing the decision, the attorney filed a motion to reopen, which the IJ denied. The BIA then dismissed petitioner's appeal of the denial of the motion to reopen, and this court denied in part and dismissed in part a petition for review of that decision. In so doing, we held "[t]he agency did not err, abuse its discretion, or

violate due process in denying Cruz Villeda's motion to reopen, where the new evidence he sought to introduce confirmed that his period of incarceration statutorily barred him from establishing the good moral character required for cancellation of removal."

On January 15, 2019, petitioner filed another motion to reopen with the BIA pursuant to *Matter of Lozada*, arguing that his prior counsel was ineffective for failing to file an appeal of the IJ's initial July 18, 2014 decision. The BIA denied the motion to reopen. The BIA concluded that although "a failure to file an appeal would carry a 'presumption of prejudice,'" petitioner failed to establish "plausible grounds for relief to warrant reopening" because he could not establish his good moral character because of the more than 180 days he had been incarcerated pursuant to his felony conviction. Petitioner then filed this petition for review.

"We review the denial of a motion to . . . reopen for an abuse of discretion." *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). Here, the BIA did not abuse its discretion in denying the motion to reopen. Since petitioner was "prevented from filing an appeal in an immigration proceeding due to counsel's error," he was entitled to "a presumption of prejudice." *See Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000) (citation and internal quotation marks omitted). However, to prevail on his claim, petitioner must also show he has "plausible

grounds" to seek cancellation of removal. *Id.* at 1046 (internal quotation marks omitted). Petitioner has failed to do so.[1]

To successfully apply for cancellation of removal, an individual must show: (1) he "has been physically present in the United States for a continuous period of not more than 10 years immediately preceding the date of such application"; (2) he "has been a person of good moral character during such period"; (3) he "has not been convicted of" certain enumerated offenses; and (4) he "establishes that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or . . . lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). However, if within the last 10 years, the individual has "been confined, as a result of a conviction, to a penal institution for an aggregate period of one hundred and eighty days or more," that individual cannot be found to have "good moral character." 8 U.S.C. §§ 1101(f)(7), 1229b(b)(1)(B).

The BIA appropriately found that petitioner did not "show[] plausible eligibility for cancellation of removal" because he could not meet the good moral character requirement. Petitioner argues the evidence does not establish he served more than 180 days in prison, and that the 162 days he spent in pretrial detention should not have been counted in calculating whether he served 180 days or more in

---

[1] On appeal, petitioner has not argued there are plausible grounds for relief that would entitle him to voluntary departure. Accordingly, that argument is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

jail for his conviction. Petitioner's arguments are without merit. The 162 days he spent in pretrial detention were properly counted toward calculating whether he spent 180 days in a penal institution because his sentence, for the felony he pled guilty to, explicitly stated he was to "[s]erve 365 days in a San Bernardino County Jail facility, with credit for time served, a matter of 162 days." *See Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1233 (9th Cir. 2008). Additionally, with his second motion to reopen, petitioner provided no new evidence suggesting that he spent less than 180 days in jail. If anything, the declaration he submitted only serves to confirm he spent at least 180 days in jail. Accordingly, our prior decision that petitioner's evidence "confirmed that his period of incarceration statutorily barred him from establishing the good moral character required for cancellation of removal" stands.

**PETITION DENIED.**